IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL NORMAN MUNDAY,                                    CV 04-372-MA

                    Petitioner,                       OPINION AND ORDER

        v.

STATE OF OREGON, ROBERT LAMPERT,

                    Respondents.

        ROBERT A. WEPPNER
        One S.W. Columbia Street, Suite 1850
        Portland, OR  97258-2040

                Attorney for Petitioner

        HARDY MEYERS
        Attorney General
        LESTER R. HUNTSINGER
        Senior Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, OR  97301-4096

                Attorneys for Respondent

MARSH, Judge:

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's second amended habeas corpus petition (Doc. #30) is denied.

## BACKGROUND

On August 5, 1998, petitioner pleaded guilty to two counts of first-degree sexual abuse. Respondent's Exhibit (Resp. Ex.) 102. The victims were Ryanne Clark, a 13-year-old girl, and Kristen Johnson, Ms. Clark's 12-year old friend. On October 1, 1998, petitioner was sentenced to 75 months imprisonment on both counts, to run concurrently and to be followed by post-prison supervision. Resp. Ex. 101.

Petitioner directly appealed his convictions to the Oregon Court of Appeals, which denied them without opinion. Resp. Exs. 104, 108. The Oregon Supreme Court denied review. Resp. Ex. 107. Subsequently, petitioner filed for post-conviction relief. Resp. Ex. 109. The post-conviction court (PCR court) denied relief, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Resp. Exs. 115, 119, 120.

In the instant proceeding, petitioner raises eight grounds for relief based on ineffective assistance of counsel (Doc. #30).

Respondent moves this court to deny relief as to petitioner's grounds four and seven on the basis that they are procedurally barred. Respondent contends petitioners remaining grounds for relief lack merit.

**DISCUSSION**

**I.    Merits**

**A.    Habeas Corpus Standards**

Under 28 U.S.C. § 2254(d), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." Lockyer v. Andrade, 538 U.S. 63, 73 (2003). A state court decision can be overturned for legal error only if the state court's

application of Supreme Court case law was "objectively unreasonable." <u>Penry v. Johnson</u>, 532 U.S. 782, 793 (2001). Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." 28 U.S.C. § 2254(e)(1); <u>Taylor v. Maddox</u>, 366 F.3d 992, 999 (9th Cir. 2004).

**B.   Ineffective Assistance under Strickland**

Under <u>Strickland v. Washington</u>, 466 U.S. 668, 700 (1984), to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1)his counsel's performance fell below an objective standard of reasonableness; and (2)"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."

Failure to make the required showing on either prong defeats the ineffectiveness claim. However, this court may properly address the prejudice prong first, without considering whether counsel's conduct was deficient. <u>Id</u>. at 697; <u>Villafuerte v. Stewart</u>, 111 F. 3d 616, 630 (9th Cir. 1997), <u>cert. denied</u>, 522 U.S. 1079 (1998).

The Supreme Court has applied the <u>Strickland</u> analysis to ineffective-assistance claims arising out of the plea process. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Under <u>Hill</u>, in

order to satisfy the prejudice prong, petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Id</u>. at 59.

### C.   Petitioner's Grounds for Relief

#### i.   Grounds One and Two

In petitioner's first ground for relief he alleges trial counsel failed to advise him "of the danger that, should he plead guilty, the state could brand him a 'sexual predator' pursuant to ORS 181.585 *et seq*, and publicly announce that status upon his release from custody."  In a related claim, in ground two petitioner alleges that trial counsel failed to advise him "that his guilty plea to, and conviction of, two counts of first-degree sexual abuse would mean that he would be required to register as a convicted sexual offender for the rest of his life."

Trial counsel was ineffective, according to petitioner's argument in support of ground one, because the possibility that the Parole Board would evaluate him for "sexual predator" designation was a direct consequence of pleading guilty to first-degree sexual abuse, and trial counsel has an obligation to inform clients of all direct consequences of conviction.  As a result of trial counsel's allegedly unprofessional errors,

petitioner says he was prejudiced by signing the plea agreement without full knowledge of its consequences.

The PCR court did not make any specific findings on this matter. Resp. Ex. 115. In a sworn affidavit, Robert L. Abel, petitioner's trial counsel, stated, "There was no reason to bring up the possibility of being branded a sexual predator because in this case that would not happen." Resp. Ex. 113.

Petitioner concedes that evaluation and classification as a "sexual predator" is not clearly a direct consequence of a guilty plea to a qualifying crime. But, he argues, "the very inexorability of the process of being labeled a sexual predator demonstrates both its directness and the incompetency of trial counsel in apparently making a conscious decision not to broach the topic."

The Supreme Court has never decided the difference between a direct and collateral consequence of conviction. Accordingly, as respondent correctly contends, there was no clearly established federal law for the state court to have unreasonably applied. Nevertheless, respondent's reliance on Ninth Circuit precedent is not entirely misplaced because it serves as "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly

established.'" See Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000)(internal citations omitted).

In United States v. King, 618 F.2d 550, 552 (9th Cir.1980), the Ninth Circuit held that trial counsel need not advise his client of "all the possible collateral consequences" of conviction, though a defendant is entitled to be informed of the direct consequences of his plea. See also Sanchez v. United States, 572 F.2d 210, 211 (9th Cir.1977). Direct consequences have a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988)(citing George v. Black, 732 F.2d 108, 110 (8th Cir.1984))(internal citations and quotations omitted). Collateral consequences, on the other hand, usually "rest in the hands of another government agency or in the hands of the defendant himself." Torry, 842 F.2d at 236.

In the instant case, the possibility that petitioner may be evaluated for, and classified as, a "sexual predator" by the Board of Parole is a collateral consequence of his conviction. The classification of petitioner as a "sexual predator" does not rest in the hands of the sentencing court, and is not a "definite, immediate, and largely automatic" consequence of defendant's conviction. Torry, 842 F.2d at 235; see also U.S. v. Fry, 322 F.3d 1198 (9th Cir. 2003)(finding deportation was a

collateral consequence of conviction).  Thus, based upon an
independent review of the record, I find trial counsel's
performance was not objectively unreasonable for failing to
notify defendant of this potential collateral consequence of
pleading guilty to first-degree sexual abuse.  Accordingly, the
PCR court's rejection of petitioner's claim in ground one was not
an unreasonable application of Strickland.

Turning to ground two, petitioner testified before the PCR
court that trial counsel did inform him he would have to register
as a sex offender if he pleaded guilty to first-degree sexual
abuse, but petitioner doesn't remember trial counsel saying it
would be for life.  Resp. Ex. 114 at 31-32.  Petitioner
understood the registration requirement to last only for his
period of parole.  Id.  According to petitioner, registering as a
sex offender for life is a direct consequence of conviction, and
thus trial counsel was ineffective for failing to inform
petitioner of this direct consequence.

Trial counsel's affidavit stated:

> I told Mr. Munday that if he plead guilty to Sexual Abuse I,
> he would be required to register as a convicted Sexual
> Offender for the rest of his life.  We discussed this a
> variety of times throughout the case.

Resp. Ex. 113 at 1.  The PCR court found that petitioner was
informed of the registration requirement, as follows:

> Petitioner Munday was advised a number of times by his trial attorney that if petitioner plead guilty to sexual abuse in the first degree, he would be required to register as a convicted sexual offender.
>
>                   ***
>
> The Apparent position of petitioner Munday is that even though his attorney told him he would have to register, petitioner thought it would be during probation (post-prison supervision) rather than for the rest of his life. Petitioner did not raise this issue in attempting to withdraw his pleas.

Resp. Ex. 115 at 4, finding 2.

I find the PCR court's determination that trial counsel properly informed petitioner of the sex offender registration requirement was not an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Petitioner's only evidence tending to rebut the presumption of correctness afforded this finding is that he "just thought" the sex offender registration would only last until the end of his parole period. Resp. Ex. 114 at 31-32. This is not clear and convincing evidence. Accordingly, petitioner has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness.

Furthermore, petitioner failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, petitioner would not have pleaded guilty, but would have insisted on going to trial. Hill, 474 U.S. at 59. At his hearing before the PCR court petitioner testified that he would not have pleaded

guilty had he know of the life-long registration requirement.

Resp. Ex. 114 at 8.  Yet, as respondent points out,

> it is not credible to contend [petitioner] would have
> continued to trial had he known of the possible sexual
> predator designation.  The guilty pleas were entered because
> one of the victims, Ryanne Clark, was at trial and the
> prosecution was prepared to call a cellmate who would
> testify to what Petitioner said he did with the girls,
> including being a willing participant in the sexual acts.
> Besides, the defense to the sexual abuse charges involving
> the underage girls was that 'he never forced anyone to do
> anything.'

Reply at 7.

In exchange for his guilty plea the prosecutor agreed to

dismiss all remaining counts against petitioner, and to recommend

concurrent sentencing.  Resp. Exs. 102, 103 at 11.  Furthermore,

petitioner testified before the PCR court that he committed the

acts he pleaded guilty to.  He stated,

> I know what I did was wrong, but I never forced anyone to do
> anything.  I never put my hand on no one.  It was never even
> my idea.  I understand it was wrong, I know that.  I just
> don't see what I'm sitting here for most of my life.

Resp. Ex. 114 at 16.

Thus, petitioner has failed to show that but for trial

counsel's alleged errors in ground two he would not have pleaded

guilty.  Accordingly, the PCR court's finding is neither contrary

to, nor an unreasonable application of <u>Strickland</u>.

### ii.  Ground Three

In ground three, petitioner claims trial counsel failed to

"explain to and advise petitioner that any use of hearsay

testimony from [Kristen Johnson] would violate his rights under the Confrontation Clause of the Sixth Amendment to confront and cross-examine her."

Petitioner does not make a succinct argument in support of this claim. In his memorandum to this court he combines ground three and four. As expressed below, I find ground four to be defaulted, and therefore I only address ground three here.

Petitioner argues:

> The day of the trial was the first [petitioner] learned that Ms. Johnson would not be present. Counsel had not told him this, and had taken no steps to ensure that Ms. Johnson would be present so that he could cross-examine her under oath as to her accusations.
> ***
> Petitioner was understandably looking forward to testing Ms. Johnson's story under oath. Instead, because of counsel's failing to secure the witness or to advise [petitioner] of his right to confront her, [petitioner's] chances to discover the truth from the mouths of the complaining witnesses were cut in exactly half.

Pet. Mem. at 26-27.

The PCR court found no basis for petitioner's claim in this regard, stating:

> Trial counsel moved to exclude testimony relating to one of the victims, Kristen, and to dismiss the charges against petitioner Munday on [the] basis that she was not present to testify. However, the other victim, Ryanne, was present and able to testify to all of those acts perpetrated against Kristen.

Resp. Ex. 115 at 4, finding 1.

As respondent points out, there is no evidence in the record that the prosecution sought to offer out-of-court statements made

by the absent victim. The prosecutor planned to have Ryanne, the victim who was present at trial, testify as to the conduct between her and petitioner, and what she observed between Kristen Johnson and petitioner. Resp. Ex. 103 at 9.

This scenario does not present a confrontation clause issue under Crawford v. Washington, 541 U.S. 36 (2004). In Crawford, the Supreme Court held that the Sixth Amendment right to confrontation precludes the admission of out-of-court testimonial evidence, regardless of its reliability unless the witness is unavailable and the defendant had a prior opportunity to cross examine the witness. See also Bockting v. Bayer, 399 F. 3d 1010 (9th Cir. 2005)(holding that Crawford applies retroactively to collateral proceedings), *Opinion Amended on Denial of Rehearing by*, 408 F.3d 1127 (9th Cir. 2005), *Rehearing en Banc Denied by*, 418 F.3d 1055 (9th Cir. 2005).

Trial counsel cannot be found ineffective for failing to discuss a legal issue with his client that had no relevance to his client's case. Petitioner does not even mention the PCR court's finding that the present, complaining witness would have offered her own observations of the offense conduct between petitioner and the absent witness. Petitioner also overlooks the fact that trial counsel moved to exclude all testimony relating to Kristen Johnson, but the trial court denied the motion. Resp.

Ex. 115 at 4. Accordingly, petitioner has failed to demonstrate that counsel's performance was deficient.

Moreover, he has failed to show a reasonable probability that he would not have pleaded guilty but for trial counsel's failure alleged under ground three. The record indicates petitioner sought a change of plea during the noon recess on the first day of his trial because of the expected testimony of his cellmate, and because one of the victims was present and prepared to testify. Resp. Ex. 115 at 4.

Accordingly, the PCR court's rejection of petitioner's claim was not contrary to, nor an unreasonable application of Strickland.

### iii. Grounds Five and Six

Petitioner's ground five alleges that trial counsel was deficient for failing "to advise [petitioner] of, and explain to [him], each of the constitutional rights that he was forfeiting by entering into the plea agreement" and failing "to go over the plea form with him and explain those rights." In ground six petitioner adds that trial counsel was also ineffective for failing "to object to the trial court's failure to discharge its statutory obligation under ORS 135.385 to personally advise [petitioner] of the rights he was giving up."

In a sworn affidavit, trial counsel explained:

I advised Mr. Munday of all his rights. I also advised him
of the costs and benefits of going to trial versus taking
the plea. We went over the plea together and I answered his
questions. I believe Mr. Munday fully understood the plea.
After weighing his options, Mr. Munday chose to plead
guilty.

Resp. Ex. 113 at 2, finding 5. The PCR court made these findings

on the matter:

The plea agreement was detailed and the court verified on
the record that the petitioner was giving up rights
associated with trial by not continuing with the trial which
was underway at the time petitioner entered into a plea
agreement with the state. The reason for the change of plea
was because petitioner...bragged to a cellmate about what he
did with the girls, and the state was prepared to call the
cellmate.

***

The trial court in substance complied with the requirements
of ORS 135.385.

***

Petitioner did move to withdraw his pleas upon the basis
that a rapist had received the same sentences as petitioner,
and petitioner did not feel his crimes were as serious as
rape.

***

Mr. Munday has failed to show that he was given ineffective
assistance of trial counsel.

Resp. Ex. 115 at 4-5, findings 3, 4, 5.

Given that petitioner entered a change of plea immediately

following the noon break of the first day of his trial,

petitioner cannot demonstrate that he was unaware of his right to

have a trial, and that pleading guilty would end the trial.

With respect to prejudice, petitioner has not shown a

reasonable probability that he would not have pleaded guilty but

for trial counsel's errors alleged under ground five. The PCR

court found that petitioner changed his plea not because trial counsel failed to inform him he had the right to continue the trial that was already underway, but because petitioner anticipated the testimony his cellmate would give that afternoon at trial. Resp. Ex. 115 at 4. Petitioner has failed to rebut this finding with clear and convincing evidence. Accordingly, I find the petitioner is not entitled to habeas relief under ground five because the PCR court did not unreasonably apply <u>Strickland</u> in concluding that trial counsel was not ineffective.

Under ground six petitioner argues trial counsel was ineffective for failing "to object to the trial court's failure to discharge its statutory obligation under ORS 135.385[1] to personally advise Mr. Munday of the rights he was giving up." As noted above, the PCR court determined that the trial court substantially complied with the ORS 135.385. I must defer to this finding because state courts have the last word on interpretations of state law, and this court is bound by the state's construction "except when it appears that its

_____

[1] ORS 135.385 requires, in relevant part, (1) that the defendant appear in person to enter a guilty plea so the judge may address him and determine that he understands the nature of the charges against him, (2) that the judge inform the defendant "[t]hat by a plea of guilty or no contest the defendant waives the right: (A) [t]o trial by jury; (B) [o]f confrontation; and ©) [a]gainst self-incrimination." Further, the judge shall inform the defendant of the "maximum possible sentence on the charge, including the maximum possible sentence from consecutive sentences."

interpretation is an obvious subterfuge to evade the consideration of a federal issue." <u>Peltier v. Wright</u>, 15 F.3d 860, 861-62 (9th Cir. 1994); <u>McSherry v. Block</u>, 880 F.2d 1049, 1052 (9th Cir. 1989)(the state court has the "last word" on interpretations of state law).  Accordingly, there would have been no meritorious basis for trial counsel to have objected to the trial court's acceptance of petitioner's guilty plea. Therefore, the PCR court's conclusion that trial counsel was not ineffective was not an unreasonable interpretation of <u>Strickland</u>.

### iv.  Ground Eight

In ground eight petitioner contends trial counsel was deficient for failing to take steps to contact or subpoena an alleged witness named "George," whom petitioner claims would have testified that he saw the victims "leave his house acting in a way that appeared inconsistent with their having just been victims of criminal abuse."

Notably, petitioner testified before the PCR court that trial counsel told him he tried to locate "George," whose last name petitioner does not know.  Resp. Ex. 114 at 30-31. Petitioner testified that he just didn't think trial counsel tried hard enough because he told his attorney where George lived,

> and he was there all the time.  He was only gone like four hours out of the day to go to school and the rest of the

interpretation is an obvious subterfuge to evade the consideration of a federal issue." <u>Peltier v. Wright</u>, 15 F.3d 860, 861-62 (9th Cir. 1994); <u>McSherry v. Block</u>, 880 F.2d 1049, 1052 (9th Cir. 1989)(the state court has the "last word" on interpretations of state law).  Accordingly, there would have been no meritorious basis for trial counsel to have objected to the trial court's acceptance of petitioner's guilty plea. Therefore, the PCR court's conclusion that trial counsel was not ineffective was not an unreasonable interpretation of <u>Strickland</u>.

### iv.  Ground Eight

In ground eight petitioner contends trial counsel was deficient for failing to take steps to contact or subpoena an alleged witness named "George," whom petitioner claims would have testified that he saw the victims "leave his house acting in a way that appeared inconsistent with their having just been victims of criminal abuse."

Notably, petitioner testified before the PCR court that trial counsel told him he tried to locate "George," whose last name petitioner does not know.  Resp. Ex. 114 at 30-31. Petitioner testified that he just didn't think trial counsel tried hard enough because he told his attorney where George lived,

> and he was there all the time.  He was only gone like four hours out of the day to go to school and the rest of the

time he was living there working on this old lady's
house...remodeling.

Resp. Ex. 114 at 30-31.

Petitioner has made no showing that "George's" testimony
would have been relevant.  Petitioner did not present the PCR
court with evidence even of "George's" identity, nor an affidavit
from "George" indicating what his testimony would have been at
trial.  Petitioner's guess at what "George" would have said is
insufficient evidence upon which to base a finding that trial
counsel was ineffective for failing to subpoena a witness.

Further, petitioner has not shown a reasonable probability
that but for trial counsel's failure to secure "George's"
testimony, petitioner would not have pleaded guilty.  Petitioner
does not demonstrate that "George's" testimony would have refuted
elements of the crime petitioner was charged with, or underpinned
an affirmative defense to those charges, such that "George's"
testimony would have changed the outcome of the trial, and thus
trial counsel's recommendation to petitioner on how to plead.
See Hill, 474 U.S. at 59.  Accordingly, petitioner is not
entitled to relief under ground eight.

## II.  Procedurally Defaulted Claims

Generally, a state prisoner must exhaust all available state
court remedies either on direct appeal or through collateral
proceedings before a federal court may consider granting habeas

corpus relief.  See 28 U.S.C. § 2254(b)(1).  A petitioner must seek discretionary review in the state's highest court in order to fully exhaust his state remedies.  O'Sullivan v. Boerekel, 526 U.S. 838 (1999).

A federal court may not grant habeas corpus relief to a state prisoner unless he has exhausted his available state remedies.  28 U.S.C. § 2254(b); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts.  Baldwin, 541 U.S. at 29; Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004).  A "fair" presentation requires that the prisoner adequately alert the state courts to the federal nature of the claim.  Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  A claim is not fairly presented if it is presented in a procedural context in which it will not be considered absent special circumstances.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  Ineffective assistance of counsel claims are discrete and each must be exhausted.  Carriger v. Stewart, 971 F.2d 329, 333-34 (9th Cir. 1992).

**A.    Ground Four**

In ground four, petitioner alleges his attorney was ineffective for failing to take steps to secure the presence of Kristen Johnson, the 12-year-old victim.

In his First Formal Petition for Post-Conviction Relief,
petitioner alleged trial counsel was ineffective for failing to
inform petitioner "that the use of testimony from an absent
witness would be a violation of the confrontation clause of both
the United States and Oregon Constitutions." "Consequently," he
writes, "Petitioner did not make additional efforts to ensure the
personal appearance of the out-of-state witness for trial."
Resp. Ex. 109 at 2. Thus, petitioner alleged that *he* would have
taken steps to ensure the complaining witness' presence, *not* that
trial counsel should have. Trial counsel's error, according to
petitioner's PCR petition, was in not telling petitioner about
his right to confront the witnesses against him.[2]

Notably, at the hearing before the PCR court, when asked who
the "out-of-state" witness was that petitioner referred to in his
petition for post-conviction relief, petitioner said it was his
former neighbor "George." Resp. Ex. 114 at 29. At no point in
the hearing did petitioner mention Kristen Johnson. Thus, the
PCR court was clearly not alerted to petitioner's claim under
ground four.

On appeal, under the heading "Trial counsel performed
deficiently by failing to adequately investigate and prepare for
trial," petitioner re-phrased his claim to include the allegation

---

[2] Petitioner complains of counsel's failure to advise him of
his right to confrontation in ground three, *supra.*

that trial counsel should have secured the witness' presence.  He

wrote, "Appellant claims that counsel performed deficiently by

failing to secure the appearance of an out-of-state witness.

Counsel failed to inform Appellant that the use of testimony from

an absent witness would be in violation of the confrontation

clause of both the United States and Oregon State Constitutions."

Resp. Ex. 116 at 9-10.

Under Oregon law, "[n]o matter claimed as error will be

considered on appeal unless the claimed error was preserved in

the lower court...provided that the appellate court may consider

an error of law apparent on the face of the record."  ORAP

5.45(1)(2004); see also State v. Wyatt, 331 Or. 335, 341, 15 P.3d

22 (2000)(generally, an issue not preserved in the trial court

will not be considered on appeal).  An error of law is apparent

on the face of the record if the legal point is obvious and the

appellate court need not "go outside the record or choose between

competing inferences to find it, and the facts that comprise the

error are irrefutable."  State v. Brown, 310 Or. 347, 355, 800

P.2d 259 (1990).

Petitioner's claim that counsel was deficient in failing to

secure Kristen Johnson's presence at trial is not an error of law

apparent on the face of the record.  Hence, Oregon law precluded

petitioner from raising the claim for the first time in his

appellate brief.  Consequently, he did not "fairly present" the

question to the appellate courts so as to satisfy the exhaustion requirement. Petitioner alleges neither cause nor prejudice to excuse this failure. <u>Casey v. Moore</u>, 386 F.3d 896, 911 (9th Cir. 2004). Therefore, I find petitioner's ground four was not "fairly presented" and is now procedurally defaulted.

Furthermore, petitioner's ground four lacks merit because, similar to petitioner's allegations regarding "George" in ground eight, petitioner has offered no basis upon which to conclude that examination of Kristen Johnson would have been beneficial to petitioner such that it might have changed the outcome of the trial, and thus trial counsel's recommendation to petitioner on how to plead.

In support of ground four, petitioner states that his "chances to discover the truth from the mouths of the complaining witnesses were cut in exactly half" and this left petitioner feeling that "he had no choice but to enter pleas of guilty." Pet. Mem. at 27. Petitioner's vague reference to discovering the "truth" from Kristen Johnson is insufficient evidence upon which to base a finding that trial counsel was ineffective for failing to subpoena and question the victim of petitioner's crime. Notably, consent of the victim would not have been a valid defense against the crimes petitioner was charged with.

/ / / /

**B.  Ground Seven**

In ground seven, petitioner asserts trial counsel was ineffective for failing to adequately assist him in his motion to withdraw his guilty plea "despite written request to do so, and fail[ing] to preserve this issue for appellate review."

As respondent correctly identifies, petitioner raised this claim in his PCR petition (Resp. Ex. 109 at 3), but not on appeal to the Oregon Court of Appeals, or to the Oregon Supreme Court. Resp. Ex. 116, 118.  Accordingly, this claim is procedurally defaulted.

Moreover, petitioner does not advance an argument in support of this claim in his pleadings to this court, nor does he allege cause and prejudice sufficient to excuse these failures. Accordingly, I find petitioner's seventh ground for relief is procedurally defaulted.

## CONCLUSION

Based on the foregoing, petitioner's second amended habeas corpus petition (#30) is denied.

IT IS SO ORDERED.

DATED this _28 day of September, 2005.


        /s/  Malcolm F. Marsh
        Malcolm F. Marsh
        United States District Court Judge